IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIE FRANK WRIGHT, JR., | : | |
| Plaintiff, | : | |
| VS. | : | NO: 5:11-CV-491 (MTT) |
| Sheriff BILL MASSEY; Judge WILLIAM A. PRIOR, JR.; JOHN BRADLEY, | : | |
| Defendants. | : | **ORDER** |

Plaintiff **WILLIE FRANK WRIGHT, JR.** has filed a Motion for Reconsideration (Doc. 8).  He requests the Court to reconsider its December 28, 2011 Order in which it dismissed his 42 U.S.C. § 1983 complaint.  (Doc. 6).

First, Plaintiff states that the Court did not consider his Motion to Amend Complaint (Doc. 5) when it dismissed his complaint.  The Court did inadvertently fail to consider this document.  However, consideration of the document would not have changed the Court's decision.

The only additional claim that Plaintiff makes in this Motion to Amend is that, prior to his criminal trial, Judge Prior engaged in conversations with Judge Hulane George (not named as a Defendant in this action), Deleigh P. Shelton (an attorney not named as a Defendant in this action) and Sheriff Massey. Plaintiff states that these conversations caused Judge Prior to become biased against him.  Plaintiff alleges that this bias led Judge Prior to "deprive[] [Plaintiff] of a fair trial, right to counsel of choice, or even counsel, the right to be heard on motions, the right to a complete defense, the right to **Brady** material, [and] the rights under the 5th [and] 6th Amendments."  (Doc. 5 at 1).

These allegations, if proven, may invalidate Plaintiff's conviction. Therefore, these claims are barred by **Heck v. Humphrey**, 512 U.S. 477 (1994).  In **Heck,** the Supreme Court explained that when an inmate's allegations rest on the invalidity of his conviction, his § 1983 claim does not accrue until that invalidity is proven.  *Id.* at 486-87.  If "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," the § 1983 claim can only be brought after the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus."  *Id*.  Plaintiff does not allege that his conviction has been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus.  Therefore, Plaintiff must return to the appropriate court and attempt to invalidate his conviction or sentence.  If Plaintiff should succeed, he may then file a § 1983 in federal court in which he raises these claims.

In addition to complaining that the Court did not consider his Motion to Amend, Plaintiff also makes additional claims in his Motion for Reconsideration.  In his original complaint, Plaintiff merely alleged that Sheriff Bill Massey was present in the courtroom on many occasions when Plaintiff attended hearings.  The Court explained that it failed "to see how [the Sheriff's] presence violates any of Plaintiff's constitutional rights."  (Doc. 6 at 8).  In his Motion for Reconsideration, Plaintiff explains that "[t]he complaint that [he] sent in was not all the way complete . . . Bill Massey did all of this in retaliation."  (Doc. 8 at 2).  Although difficult to decipher, it appears that Plaintiff contends Sheriff Bill Massey retaliated against him by telling Judge Prior about the lawsuit Plaintiff filed in this Court: **Wright v. Petty**, 5:10-CV-203 (MTT).  Plaintiff states that "Bill Massey had *ex parte* extra-judicial communication with Judge Prior causing him to become bias[ed]" and

prejudiced against Plaintiff.  (Doc. 8 at 1).  According to Plaintiff, Sheriff Massey's conversations with the Superior Court Judge "has lead (sic) to this justiciable controversy between [him] and Judge Prior."  (Doc. 8. at 2).

"Because claims of retaliation may be easily fabricated, they should be reviewed with skepticism."  **Gross v. White**, No. 8:05-CV-1767-27TBM, 2008 U.S. Dist. LEXIS 65432 at *24 (M. D. Fla. July 18, 2008), *aff'd* 340 F. App'x 527 (11th Cir. 2009). To prevail on a retaliation claim, a plaintiff must establish three elements:  (1) the speech was protected; (2) that he suffered adverse action such that the named official's "retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech" and (3) that there is a causal relationship between the retaliation (the punishment) and the protected speech.  **Smith v. Mosely**, 532 F.3d 1270, 1276 (11th Cir. 2008). "[C]onclusory allegations of retaliation are insufficient to state a claim under § 1983." **Gross**, 2008 U.S. Dist. LEXIS 65432 at *23.  Even assuming the existence of the first and second elements, Plaintiff has failed to establish the third:  "a causal link between the protected activity and the adverse treatment."  *Id*.  It is sheer speculation to assume that because Sheriff Massey informed Judge Prior of Plaintiff's previous lawsuit,[1] Judge Prior violated Plaintiff's constitutional rights during his criminal trial and during his post-trial hearings.  "A prisoner must show more than his personal belief that he is the victim of retaliation."  *Id*.  This is all that Plaintiff has shown in this case.

Plaintiff again claims that Judge Prior is biased against him and, therefore, Judge Prior refused to consider Plaintiff's outstanding *pro se* motions during the November 11, 2011 hearing.  For reasons already explained in this Court's December 28, 2011 Order, Judge Prior has judicial immunity from both monetary damages and injunctive relief.

---

[1] Plaintiff seems to think that the 42 U.S.C. § 1983 actions that he has filed in this Court are entitled to secrecy.  However, all of the civil actions are a matter of public record.

This judicial immunity applies "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." **Bolin v. Story**, 225 F.3d 1234, 1239 (11th Cir. 2000).

In his motion for reconsideration, Plaintiff attempts to expand on his "conspiracy" theory in order to show that John Bradley, his former appellate attorney, is a state actor. Plaintiff states that he knows John Bradley spoke with Judge Prior about his lawsuit against jail officials (**Wright v. Petty**, 5:10-CV-203 (MTT)). (Doc. 8 at 1). Plaintiff explains that John Bradley told him that Judge Prior knew about his 42 U.S.C. § 1983 action and Plaintiff questions "how did [Bradley] know what Judge Prior learned if he did not teach him or tell him or talk to him *ex parte* [and] he was acting with Bill Massey. This is a fact." (Doc. 8 at 1). "To prove a 42 U.S.C. § 1983 conspiracy, a plaintiff must show that the parties reached an understanding to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy." **Bailey v. Board of County Comm'rs**, 956 F.2d 1112, 1122 (11th Cir. 1992). "[T]he linchpin for conspiracy is agreement, which presupposes communication . . . ." *Id*. A conspiracy claim that is supported only by conclusory, vague, and general allegations may be dismissed. **Fullman v. Graddick**, 739 F.2d 553, 556-57 (11th Cir. 1984). Construed liberally, Plaintiff merely alleges that John Bradley or Sheriff Massey told Judge Prior about this 42 U.S.C. § 1983 action. Plaintiff has not shown any type of agreement between John Bradley, Bill Massey, and Judge Prior to deprive Plaintiff of his constitutional rights during trial or during his post-trial hearings. The conclusory statement that John Bradley "was acting with Bill Massey" fails to show a conspiracy and fails to make John Bradley a state actor for purposes of § 1983 liability.

Furthermore, even if the Court were inclined to allow Plaintiff's action to proceed beyond the initial screening stage, there is no way that the Court could grant any of the relief that Plaintiff seeks. Plaintiff requests "injunctive relief and if possible to have [his] motion for new trial hearing and other motion hearings moved to federal court to avoid irreparable injury and a miscarriage of justice." (Doc. 1 at 6). Plaintiff is no longer confined at the Baldwin County Jail so he cannot obtain any type of injunctive relief against officials located at that facility. **Zatler v. Wainwright**, 802 F.2d 397, 399 (11th Cir. 1986); **Wahl v. McIver**, 773 F.2d 1169, 1173 (11th Cir. 1985). Additionally, as explained in the Court's December 28, 2011 Order, the various motions that Plaintiff has pending in his state criminal case may not be removed to federal court.

For these reasons, Plaintiff's Motion for Reconsideration is **DENIED**.[2]

**SO ORDERED**, this 25th day of February, 2012.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT

lnb

---

[2] Plaintiff attached a Notice of Appeal to his Motion for Reconsideration (Doc. 8-1) and requested that the Court docket the Notice of Appeal if his Motion for Reconsideration was denied. The Clerk of Court is **DIRECTED** to docket the Notice of Appeal (Doc. 8-1) and transmit the appeal to the Eleventh Circuit Court of Appeals.